# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR416-216 |
| | ) | |
| CORINTHIAN BOSTIC | ) | |

## ORDER

In this felon-with-a-gun case, Corinthian Bostic moves to suppress the evidence obtained pursuant to a traffic stop and contemporaneous warrantless search of his vehicle. Doc. 23. He seeks a hearing on the matter. *Id.* at 5. Bostic, however, has failed to meet the fundamental pleading standard established by the Eleventh Circuit for such a suppression motion, and therefore his motion as presently framed does not merit an evidentiary hearing (much less any relief).

The government objects to a hearing because Bostic "failed to provide citations for factual allegations as required by Local Rule 12.1."[1]

---

[1] This Court's Local Rules require that "[e]very factual assertion in a motion . . . shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." L. Cr. R. 12.1.

Doc. 24 at 1. That is not exactly true, for immediately after the abbreviated factual recitation set forth in paragraph 1 of his motion, doc. 23 at 1-2, Bostic both references and attaches as an exhibit the police incident report prepared by the arresting officer. *Id.* at 2. That incident report does support Bostic's factual assertions that the police seized his person and vehicle without a warrant, executed a warrantless search of that vehicle, and "seized a gun from the trunk which is the subject of the instant indictment." *Id.* at 1-2.[2] As will be discussed below, the police incident report includes many more details that are not referenced in Bostic's motion, and it is not clear that he is adopting the police report's entire recitation of facts.

The chief problem with Bostic's motion is not that he fails to offer evidentiary support for his asserted facts, as the Local Rules require, but rather that he fails to allege any facts establishing a violation of his Fourth Amendment rights. "'A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and *nonconjectural* to

---

[2] The incident report, however, offers no support for Bostic's assertion that the officers "removed" him from his vehicle. Doc. 23 at 1. Instead, the police report reflects that as soon as Bostic stopped in response to the police blue lights, he "immediately opened" his door, "got out of the vehicle and closed the door behind him," and then "stepped towards" the officers. *Id.* at 8 (Exh. A).

2

enable the Court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions . . . .'" *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985)) (emphasis added). A defendant is not entitled to a hearing on his suppression motion unless he "allege[s] *facts* that, if proved, would require the grant of relief." *Richardson*, 764 F.2d at 1527 (emphasis added). It is not, sufficient, for defendants to "'promise' to prove at the evidentiary hearing what they did not specifically allege in their motion to suppress." *Cooper*, 203 F.3d at 1285.

Bostic's motion falls well short of this standard. The only facts asserted in his motion are that the police warrantlessly seized him and his vehicle, "removed" him from that vehicle, executed the warrantless search of the vehicle after he was handcuffed and placed in the back of the patrol car, and then seized the pistol that forms the basis of his prosecution. Doc. 23 at ¶¶ 1, 7. Of course, the mere assertion that police conducted a warrantless seizure and search of Bostic and his vehicle does not show that his rights were in any way violated or that he is entitled to the suppression of evidence. Legions of cases have upheld warrantless

3

searches and seizures as "reasonable" within the meaning of the Fourth Amendment. Simply alleging that a search or seizure was "warrantless," therefore, does not establish its constitutional invalidity.

True, Bostic further asserts that "the police had no legal reason to stop, seize, and search" him or his vehicle, they lacked any "reasonable, articulable suspicion" that he was involved in criminal activity, and they acted "in violation of the Fourth Amendment." Doc. 23 at ¶¶ 2, 5, 6. These, however, are mere conclusions, not *facts*. As the Eleventh Circuit has held, such conclusory, factually deficient claims not only fail to entitle defendant to an evidentiary hearing on his motion, they warrant the denial of the motion. *Richardson*, 764 F.2d at 1527 (defendants' claim that they were arrested and searched without probable cause was a conclusory assertion unaccompanied by any facts to support their contention, and therefore the trial court did not abuse its discretion in declining to hold an evidentiary hearing or denying the motion); *id.* at 1528 (defendant not entitled to an evidentiary hearing on his claim that the warrantless search of his premises was "without probable cause," as he never described the particular factual circumstances that offered support for that conclusory statement); *Cooper*, 203 F.3d at 1284

(defendants not entitled to evidentiary hearing where their "claim to standing [was] founded only on their ultimate conclusion that the hotel room was 'theirs,' rather than on facts demonstrating that conclusion to be true."). Until Bostic asserts specific, detailed, and nonconjectural factual allegations that could support a finding that the police "had no legal reason to stop, seize, and search" him or his vehicle, doc. 23 at 2, he is not entitled to an evidentiary hearing on his suppression motion.

Bostic should further remember that in addition to alleging facts that, if established in his favor, would require the grant of relief, he must offer some minimal evidentiary support for *each* factual assertion set forth in his motion. L. Cr. R. 12.1. "Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." *Id.* Counsel's mere summary of his client's unsworn narrative of the pertinent events will not suffice.[3]

---

[3] If Bostic meant to adopt the entire factual recitation set forth in the police incident report as his own (he merely uses a "see" signal of when he cites that report), he shall say so plainly. Bostic is cautioned, however, that the detailed factual recitation of the police incident report does not appear to show a violation of his constitutional rights. That one-page report states these critical facts: Officers stopped Bostic's vehicle after observing that his windows were more darkly tinted than allowed by the Georgia traffic code; when defendant promptly exited his vehicle, quickly closed its door, and approached the officers, an officer detected the odor of marijuana on his person and learned that he was driving on a suspended license; as another officer directed the female passenger to exit the vehicle, he observed her drop a Xanax pill

Bostic's Fourth Amendment claim is founded entirely upon the ultimate conclusion that "the police had no legal reason to stop, seize, and search" him or his vehicle, not upon facts demonstrating that conclusion to be true. The Court, therefore, will not conduct an evidentiary hearing until Bostic alleges "facts that, if proved, would require the grant of relief." *Richardson*, 764 F.2d at 1527. Bostic shall have 14 days from the date this Order is served to comply with this requirement, as well as L. Cr. R. 12.1, or else he will deprive himself of any possibility of an evidentiary hearing and face the denial of his motion.

**SO ORDERED,** this  29th  day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

and, incident to her arrest, found more Xanax on her person; that officer also detected the odor of marijuana on the female passenger; a search of the vehicle revealed additional Xanax pills in the passenger's purse and a pistol in the trunk (which defendant said was his); a computer check confirmed that Bostic's license was suspended and that he had multiple felony convictions. If these are the stipulated facts, Bostic's motion is on thin ice (although the Court will give him a further opportunity to argue otherwise).