IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | CASE NO. CR416-216 |
| ) | |
| CORINTHIAN BOSTIC,     ) | |
| ) | |
| Defendant.       ) | |

## O R D E R

Before the Court is Defendant Corinthian Bostic's Motion for Compassionate Release (Doc. 96), which the Government opposes (Doc. 99). For the following reasons, Defendant's motion (Doc. 96) is **DISMISSED IN PART** and **DENIED IN PART**.

### BACKGROUND

In November 2016, a jury found Defendant guilty of being a felon in possession of a firearm. (Doc. 55.) Defendant was sentenced to 210 months' imprisonment. (Doc. 62 at 2.) The Eleventh Circuit affirmed Defendant's conviction and sentence on appeal. See United States v. Bostic, 736 F. App'x 228, 229 (11th Cir. 2018). According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Jesup located in Jesup, Georgia, with a projected release date of May 31, 2031. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on December 17, 2020).

**ANALYSIS**

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic or to be placed on home confinement.[1] (Doc. 96 at 8-9.) The Government opposes Defendant's request on the grounds that Defendant's medical condition is stable, and that Defendant is in "relatively good health." (Doc. 99 at 14.) The Court finds that Defendant's motion is due to be dismissed in part and denied in part.

I.  HOME CONFINEMENT

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, his request is due to be dismissed. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request

---

[1] In his motion, Defendant raises several other arguments based on the Supreme Court's ruling in Rehaif v. United States, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019), including that his conviction is unconstitutional because: (1) the indictment failed to cite to 18 U.S.C. § 924(a)(2) and (2) his counsel was ineffective. (Doc. 96 at 4-6.) The Court construes Defendant's arguments as collateral attacks on his conviction and sentence and finds that Defendant's arguments are more appropriately raised in a § 2255 motion. See United States v. Cutchens, No. CR 609-044, 2020 WL 1492539, at *1 (S.D. Ga. Mar. 13, 2020); United States v. Davis, No. CR 612-001-2, 2020 WL 4910297, at *1 (S.D. Ga. Aug. 20, 2020) ("To pursue these grounds for relief, which attack the legality of his sentence, [defendant] must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence."). Accordingly, Defendant's motion is **DISMISSED** to the extent it seeks to collaterally attack his sentence or conviction.

for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and the district court was without jurisdiction to grant relief); see also Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

3

II. COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the

4

United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

As an initial matter, the Government does not dispute that Defendant has exhausted his administrative remedies with respect to his request for compassionate release based on his medical condition. (Doc. 99 at 7-8 n.4.) Defendant has provided copies of the reduction in sentence ("RIS") request he sent to the Warden of FCI Jesup (Doc. 96 at 10) and the Warden's denial of his RIS request (Doc. 96 at 11). Defendant has also provided copies of his appeal of the Warden's denial (Doc. 96 at 12) and the Warden's denial of his appeal (Doc. 96 at 14-15). Accordingly, the Court

5

finds that Defendant has exhausted his administrative remedies with respect to his request for compassionate release based on his medical condition.

In seeking compassionate release, Defendant contends that he suffers from hypertension. (Doc. 96 at 8.)  As the government highlights, Defendant's BOP medical records support that he does suffer from hypertension. (Doc. 99, Attach. 6 at 1.) The Government recognizes that the CDC includes hypertension as a condition that might render an individual at increased risk of severe illness from COVID-19. (Doc. 36 at 14.) However, the Government also notes that that Defendant's hypertension is adequately managed with medication and that Defendant otherwise has normal pulmonary and cardiovascular systems. (Doc. 99 at 13-14.)

The Court finds that Defendant has not provided "extraordinary and compelling reasons" which warrant a reduction in his sentence. Although the BOP medical records indicate that Defendant suffers from hypertension, it appears that his condition is under control and that he consistently takes his medication. (Doc. 99, Attach. 6 at 1, 4.) Defendant has not established that his hypertension is so severe as to render him unable to care for himself in prison. See United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); United States v. Johnson, No. CR 108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020). Additionally, "[t]he Court is unwilling to

6

conclude that a condition that 'might' put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release." United States v. Mingo, No. CR612-018, 2020 WL 5028770, at *2 (S.D. Ga. Aug. 25, 2020). Moreover, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court finds that Defendant's motion (Doc. 96) is **DENIED** to the extent Defendant seeks compassionate release based on his hypertension and the COVID-19 pandemic.[2]

---

[2] In his motion, Defendant also argues that his prior drug convictions used to enhance his sentence under 18 U.S.C. § 924(e) no longer qualify as predicates based on amendments by the First Step Act and that this subsequent change to the law qualifies as extraordinary and compelling circumstances under § 1B1.13. (Doc. 96 at 7.) The Court disagrees and finds that a subsequent change to the law does not qualify as an extraordinary and compelling reason justifying release under § 1B1.13. See United States v. Cutchens, No. CR 609-044, 2020 WL 1492539, at *1 (S.D. Ga. Mar. 13, 2020). Even if the Court construed Defendant's argument as a request for sentence modification under 18 U.S.C. § 3582(c)(2), Defendant's request would be denied. Section 3582(c)(2) allows the district court to modify the sentence of a prisoner "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

7

III. CONSIDERATION OF THE SENTENCING FACTORS

Further, even if this Court found Defendant had presented evidence of a qualifying medical condition that constituted an extraordinary and compelling reason for compassionate release, this Court would still deny Defendant's motion. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). The Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. Section 3553(a) provides the following factors for the court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;

---

Despite Defendant's contention, the First Step Act did not modify 18 U.S.C. § 924(e)(2)(A)'s definition of a "serious drug offense." See United States v. Smith, 798 F. App'x 473, 475-76 (11th Cir. 2020) ("Here, the district court did not err in concluding that § 401(a)(1) of the FSA did not amend 18 U.S.C. § 924(e)(2)(A)(ii)'s definition of a 'serious drug offense' because the plain and unambiguous language of § 401(a)(1) amends only the [Controlled Substances Act.] . . . Nothing indicates that Congress intended to replace the ACCA's separately defined term."). Accordingly, Defendant's motion is **DENIED** to the extent Defendant seeks a sentence modification under § 3582(c)(2).

> 4) the kinds of sentence and the sentencing range established . . .;
> 5) any pertinent policy statement . . .;
> 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> 7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. June 26, 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In November 2016, a jury found Defendant guilty of being a felon in possession of a firearm. (Doc. 55.) During Defendant's sentencing hearing, the Court found that Defendant's guidelines range was 210 to 262 months' imprisonment but determined that 210 months' imprisonment was sufficient to adequately reflect the seriousness of the offense conduct and to afford adequate

deterrence to future criminal conduct. (Doc. 75 at 5-7.) The Court also noted that Defendant has an extensive criminal history and has been classified as an armed career criminal. (Id. at 7.)

While the Court is sensitive to the concerns that Defendant has for his health and safety amid the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted. Reducing Defendant's sentence would not promote respect for the law, provide adequate deterrence to criminal conduct, or reflect the seriousness of the offense. As the Court noted during his sentencing hearing, Defendant has four prior state convictions for distribution of drugs and one prior state conviction for possession of a firearm by a convicted felon. (Id.) Defendant has also failed to comply with court-ordered supervision on multiple occasions, resulting in eight probation revocation hearings. (Id.) Importantly, Defendant has over ten years remaining on his sentence. See United States v. Solorio, No: 3:11-cr-138-J-32JRK, 2020 WL 6292558, at *2 (M.D. Fla. Oct. 27, 2020) (concluding a sentence reduction was not warranted under § 3553(a) where the defendant had four years remaining on his sentence); United States v. Lantigua, NO: 3:16-cr-125-J-32PDB, 2020 WL 5258459, at *2 (M.D. Fla. Sept. 3, 2020) ("In view of all the § 3553(a) factors, releasing Defendant from prison six and a half years early would not be consistent with the statutory purposes of sentencing.").

Accordingly, the Court finds that the § 3553(a) factors weigh against reducing Defendant's sentence.

## CONCLUSION

For the foregoing reasons, Defendant Corinthian Bostic's Motion for Compassionate Release (Doc. 96) is **DISMISSED IN PART** and **DENIED IN PART**.

SO ORDERED this 17th day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA